UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN LAFLOWER,

           Plaintiff,

vs.                                    Case No.   2:10-cv-82-FtM-29SPC

MICHAEL KINARD, Correctional Officer
Sergeant in his individual capacity
and SHAUN P. OPPE, Correctional
Officer in his individual capacity,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Motion to Dismiss Amended Complaint (Doc. #34, Motion) and attached exhibits (Doc. #34-1, Exhs A-T), filed on behalf of Defendant Kinard.[1] After being granted an extension of time, Plaintiff filed a response in opposition to the Motion (Doc. #48, Response) and attached a copy of his disciplinary report (Doc. #48-1, "Pl. Exh. D").  This matter is ripe for review.

**I. Factual Background**

Benjamin LaFlower, a *pro se* plaintiff who is in the custody of the Florida Department of Corrections, initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his Amended Complaint (Doc. #16, Amended

---

[1]As of the date on this Order Defendant Oppe has not received service of process.  See Doc. #20.  The claims against Defendants Kinard and Oppe are identical.  Therefore, this Order addresses the claims against both Defendants Kinard and Oppe.

Complaint) and attached exhibits (Doc. #16-3, "Pl's Exhs. A-C") consisting of Plaintiff's inmate grievances and responses thereto. According to the Amended Complaint, Defendants Oppe and Kinard violated Plaintiff's First and Eighth Amendment rights on February 27, 2008, while escorting Plaintiff from a medical appointment back to his cell. See generally Amended Complaint; Pl's Exhs. A-C. Plaintiff alleges that Defendant Oppe "slammed [] Plaintiff's face first into a wooden [] cabinet, punched Plaintiff in the head and facial area several times, and slammed this Plaintiff's head on the floor several times, while Defendant Kinard punched [] Plaintiff in the ribs several times, kicked [] Plaintiff in the leg and twisted Plaintiff's wrist." Amended Complaint at 5. Plaintiff alleges that while Defendants beat him, they told him that he "should have settled out the law suit" and that he should "learn [his] lesson about sueing [sic] officers." Id. Plaintiff further alleges that Defendants issued him a false disciplinary report "in order to cover-up this retaliatory and unjustified beating." Id. at 5-6. As relief, Plaintiff seeks monetary damages. Id. at 11-12.

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Defendant points out that Plaintiff received a disciplinary report for the incident at issue in the Amended

Complaint, for which he lost gain time, and the disciplinary conviction remains valid. See Motion. Defendant submits that a finding in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction. Id. at 5-7. Defendant further submits that a 12(b)(1) dismissal is proper in this instance because a Heck dismissal, similar to a dismissal for failure to exhaust, is generally not an adjudication on the merits. Id. at 3 (citations omitted).

## II.  Applicable Law

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985). Attacks on subject matter jurisdiction come in two forms. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990). The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Lawrence, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion. Id. In contrast, as

in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. Id. The court can look outside the pleadings in order to make its determination, and the court is free to weight the evidence in order to determine whether it has jurisdiction. Id.; see also Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)(stating "[w]here exhaustion--like jurisdiction, venue, and service of process--is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record."). The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III. Analysis

Defendant submits that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Officers' Motion at 5-11. In Response, Plaintiff maintains that his claim is not barred by Heck. Response at 4-10.

In Heck, the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added)(internal citation and footnote omitted). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings in jails. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 259 F. App'x 226, 228, 2007 WL 4336446 (11th Cir. Dec. 13, 2007).

In Balisok, the plaintiff initiated a § 1983 action alleging defendants violated his due process rights during a disciplinary hearing, which resulted in the plaintiff's loss of good-time credits. Id. at 643. The Balisok Court concluded that a § 1983 action was not cognizable, even though the plaintiff was challenging the procedure and not the result, because a finding in favor of the plaintiff would "necessarily imply the invalidity of the punishment imposed." Id. at 648. The Court held that a prisoner could not pursue such an action unless the prisoner had

successfully invalidated the disciplinary report. Id. at 646-68; see also Wilkinson v. Dotson, 544 U.S. 74 (2005)(finding a state prisoner's § 1983 action is barred--absent prior invalidation--no matter the relief sought--damages or equitable relief--no matter the target of the prisoner's suit--state action leading to conviction or internal prison proceedings--if success in that action would necessarily invalidate prisoner's confinement).

However, the Court has rejected the view that Heck applies to all suits challenging prisoner disciplinary proceedings. See Muhammad v. Close, 540 U.S. 749, 754-55 (2004); See also Beecher v. Jones, Case No. 3:08-cv-416, 2010 WL 5058555 (N.D. Fla. Oct. 29, 2010)(finding the plaintiff did not "steer his case" into *Heck* territory because according to the complaint "[p]laintiff could have committed all of the acts set forth in the DR and hearing team decision, yet the manner in which the chemical agent was applied, the duration of its application, etc., could still constitute the use of excessive force."). In Muhammad, the Court declined to extend Heck to a prisoner's § 1983 action claiming a constitutional violation based on his pre-hearing confinement. The Court held that this plaintiff's action did not challenge the conviction, the disciplinary action, nor did he seek expungement of the misconduct finding, so it was not "construed as seeking a judgment at odds with his conviction." Id. at 754-55.

In the instant case, the Court finds that Plaintiff has steered his case into <u>Heck</u> territory. The Court's determination whether a claim is barred by <u>Heck</u> turns on the Plaintiff's allegations. Plaintiff's claims in this action are based on the assertion that the disciplinary charges he received for disobeying orders was to "cover up" the excessive use of force. Amended Complaint at 6. Plaintiff maintains that he did nothing wrong to justify Defendants' use of force on him. <u>See</u> <u>generally</u> Amended Complaint; Pl's Exhs A-C; Response at 6-7. Plaintiff further submits in his Response that he does not dispute the entire disciplinary report, only that the last portion of the disciplinary report was false. Response at 6. Plaintiff submits that he did not "'<u>physically</u>' resist any lawful commands, as none were given." <u>Id.</u> at 7 (emphasis in original).

On February 27, 2008, Plaintiff was issued a disciplinary report (log no. 510-080582), charging as follows:

> On February 27, 2008 at approximately 8:55AM, Inmate LaFlower, Benjamin . . . was being escorted form the A-Dormitory medical exam room back to his assigned cell after sick call. When we got into the 1-2 sallyport, inmate LaFlower became disorderly and argumentative. Sergeant Kinard and I gave him several orders to cease his actions, to no avail. Inmate LaFlower then turned to me in an aggressive manner. At this time, force became necessary to gain control of inmate LaFlower.

Exh. G; Pl's Exh. A.

On March 3, 2008, Plaintiff had a disciplinary hearing, at which he was present and did not enter a plea. <u>Id.</u> The

disciplinary team found Plaintiff guilty of the charge, thereby imposing a sixty-day loss of gain time and thirty-day disciplinary confinement. Id. The disciplinary conviction has not been expunged, invalidated, or otherwise overturned. See Motion; Response.

Plaintiff's basis for this action is wholly inconsistent with the facts upon which the disciplinary conviction is based. A judgment in favor of Plaintiff, finding that Defendants Kinard and Oppe attacked Plaintiff without provocation in violation of the Eighth Amendment, would necessarily imply the invalidity of the disciplinary charge of disobeying an order. See Richards v. Dickens, 411 F. App'x 276, 278, 2011 WL 285212 (11th Cir. Jan. 31, 2011). Plaintiff is not alleging that the officers' use of force in response to his failure to comply with orders was excessive; instead, Plaintiff is alleging the correctional officers engaged in an unprovoked attack, in retaliation for Plaintiff's previous lawsuits. See Amended Complaint; Pl's Exhs A-C (stating "this grievant was not resisting physically any lawful commands (none were given), nor did this grievant resist during such attack on his person. This grievant did not provoke said attack."). Thus, the Court finds Defendant's Motion must be granted because Plaintiff's claim is not cognizable under § 1983 based on Heck.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Amended Complaint (Doc. #34) is **GRANTED**. This case is **dismissed without prejudice**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __6th__ day of June, 2011.

*[signature: John E. Steele]*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record